# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**

September 12, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**LANA G. SPROUSE,**
**WIDOW OF JAMES H. SPROUSE,**
**Claimant Below, Petitioner**

**vs.)    No. 11-1732** (BOR Appeal No. 2046007)
(Claim No. 920068627)

**WEST VIRGINIA OFFICE OF**
**INSURANCE COMMISSIONER**
**Commissioner Below, Respondent**

**and**

**TRI-ENERGY RESOURCES, INC.,**
**BUFFALO MINING COMPANY,**
**AND CARBONITE RESOURCES, INC.,**
**Employers Below, Respondent**

## MEMORANDUM DECISION

Petitioner Lana G. Sprouse, pro se, appeals the decision of the West Virginia Workers' Compensation Board of Review. Buffalo Mining Company, by Ann Rembrandt, its attorney, filed a timely response. The West Virginia Office of Insurance Commissioner, by Jack Rife, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated November 21, 2011, in which the Board affirmed a May 11, 2011, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's January 13, 2010, decision denying Ms. Sprouse's request for dependent's benefits. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these

1

reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Sprouse passed away on September 24, 2008. The death certificate listed the causes of death as cardiac arrest, peripheral vascular disease, and renal failure. On November 24, 2009, the Occupational Pneumoconiosis Board found that occupational pneumoconiosis was not a material contributing factor in Mr. Sprouse's death, and noted there was insufficient evidence to establish a diagnosis of occupational pneumoconiosis. The claims administrator denied Ms. Sprouse's request for dependent's benefits on January 13, 2010.

The Office of Judges affirmed the claims administrator's decision, and held that occupational pneumoconiosis did not materially contribute to Mr. Sprouse's death. On appeal, Ms. Sprouse disagrees and asserts that she is entitled to dependent's benefits. Buffalo Mining argues that the evidence clearly establishes that Mr. Sprouse did not have occupational pneumoconiosis, and that it was not a material contributing factor in his death. The West Virginia Office of Insurance Commissioner maintains that it is clear from the preponderance of the evidence that occupational pneumoconiosis was not the cause of Mr. Sprouse's death, nor did it materially contribute to it, as found by the Occupational Pneumoconiosis Board.

In *Bradford v. Workers' Compensation Com'r*, Syl. Pt. 3, 185 W.Va. 434, 408 S.E.2d 13 (1991), this Court held that in order to establish entitlement to dependent's benefits, a claimant must show that an occupational disease or injury "contributed in any material degree to the death." The Office of Judges concluded that the preponderance of the evidence did not establish that occupational pneumoconiosis was a material contributing factor in Mr. Sprouse's death. It noted that the last pulmonary function study administered showed minimal impairment, which indicated that prior studies could have shown greater impairment due to a transient condition. It also noted that Mr. Sprouse had multiple issues, and that he died of cardiac arrest, a sequela of renal failure, peritoneal dialysis and infection, and peripheral vascular disease. The Office of Judges also noted that there was no evidence of occupational pneumoconiosis; therefore it did not play a material contributing role in Mr. Sprouse's death. The Board of Review reached the same reasoned conclusions in its decision of November 21, 2011. We agree with the reasoning and conclusions of the Board of Review.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

2

**ISSUED:  September 12, 2013**

**CONCURRED IN BY:**
Chief Justice Brent D. Benjamin
Justice Robin J. Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II